IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-CV-02013-NYW-CYC

AMY MCRAKEN,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, ELBERT COUNTY, COLORADO,

    Defendant.

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY

Plaintiff Amy McCraken, by and through her undersigned counsel, submits her First Request for Written Discovery to Defendants pursuant to Fed. R. Civ. P. 33, 34, and 36, to be answered within thirty days of service.

### DEFINITIONS

1. "All" means any and all.

2. "Any" means each and every.

3. As used herein, "or" shall include "and/or."

4. "Person" includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5. "Relating to" or "relates to" or "related to" or "concerning" mean constituting, evidencing, describing, regarding, or referring to.

6.  "Documents" means documents in the broadest sense and includes, without limitation, written material of whatever kind or nature, whether typed, printed, handwritten or otherwise produced, including, without limitation, court records, letters, memoranda, notes, contracts, bills, invoices, photographs, photostats, photocopies, audio or video recordings, and electronic data compilations, including computerized files, database records, "voicemail" or "text message" recordings, and "electronic mail" or "e-mail" messages, however stored, kept, or maintained.

7.  "Identify," when used regarding a person, means to state that person's full name, last known address, telephone number, and if the person is not a natural person, to state in addition the person's organizational nature (e.g., corporation, partnership, etc.), and to state the name of the officer, agent or employee acting on behalf of the non-natural person.

8.  "Identify," when used regarding a document means, whether the document is presently in your custody, control, or possession, to describe the document (e.g., letter, memorandum, report, correspondence, e-mail, etc.), state the date of the document, the date the document was prepared, to identify the person who prepared the document, to identify all signatories to the document, and to identify all persons having custody of the original or a copy of the document.

9.  "Elbert County" means the Elbert County, Colorado government, its employees, agents, and anyone acting on its behalf.

10. "ECSO" means the Elbert County Sheriff's Office, its employees, agents, and anyone acting on its behalf.

2

## INSTRUCTIONS

1. Each interrogatory, request for admission, and request for production of documents set forth in these discovery requests should be answered/responded to separately and fully in writing, under oath, within thirty days of service in accordance with the Federal Rules of Civil Procedure.

2. In answering the following requests and interrogatories, you are to furnish all information that is available to you.

3. An answer or other appropriate response must be given to each discovery request.

4. If there is any discovery request that you cannot answer in its entirety, or for which you cannot provide the exact information requested, please:

   a. Answer all of the discovery requests to which you have or can obtain the information requested, and provide the information requested to the extent you know or can obtain the information;

   b. Provide your most complete account of all information requested which you do not know and cannot obtain, including but not limited to, any names or dates for which you lack exact information;

   c. Describe in detail the basis of this information;

   d. Identify each document, person or communication upon which information is based.

5. If any document requested was in existence or available to you but no longer is in existence or available to you, then, with respect to each such document, please:

   a. Describe the nature of the document (letter, memorandum, etc.);

   b. State the date of the document;

   c. Identify the person or persons who sent and received the original and copies of the document;

   d. State in as much detail as possible the contents of the document; and

   e. State the circumstances under which the document was lost, destroyed, or otherwise became unavailable.

6. If you object to any request or interrogatory, state the reasons for the objection and answer to the extent the request is not objectionable.

7. Pursuant to Fed. R. Civ. P. 26(e), in the event that any information comes to the attention, possession, custody, or control of any of you or your employees, representatives, or agents subsequent to the service of your responses, those responses shall be supplemented.

## INTERROGATORIES

### No.1

Identify each and every ECSO or Elbert County employee who was involved in Plaintiffs arrest, jailing, and release on August 1, 2022 and August 2, 2022, and describe their involvement.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery

4

of admissible evidence. Without waiving said objections, Deputy Pastore (arresting deputy). Deputy Imboden was on patrol and operated as Deputy Pastore's cover officer. Deputy Kessinger (booking and release deputy) allowed her to use the telephone during her custody. Deputy Warren (booking and release deputy) may have also allowed her to use the telephone during custody. Deputy Mozeshtam, was only present in the sally port garage when Ms. McCraken was brought in from the patrol vehicle, into the pre-intake area, when he was leaving work for the day.

### No.2

Identify each and every ECSO employee who was working, or was scheduled to work, on August 1, 2022 and/or August 2, 2022, and describe their assigned duties.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see schedule provided. You can identify the capacity in which each individual was scheduled to work based on whether they are under the "Patrol" or "Detentions" headings.

### No.3

Describe in detail the steps and actions ECSO took to understand Plaintiffs disability, her particular needs related to her disability, and what reasonable accommodations were available for Plaintiffs particularized needs on August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, from the CCTV Footage, the Deputy places McCraken in the passenger rear seat of the patrol vehicle.

5

Deputy Kessinger assisted McCraken out of the vehicle. Ms. McCraken, was not made to go up any flights of stairs. Ms. McCraken, was housed in a holding cell without stairs. Ms. McCraken, was housed in Holding Cell 1 which is a padded room, that has a hole in the floor as a toilet, so Deputies allowed her to use the staff bathroom instead of using the holding cell floor toilet. The two other holding cells with regular toilets were housing inmates at the time of Ms. McCraken's custody. See previously provided Cell Housing History at BATES000001-2 provided with Defendant's Initial Disclosures. Ms. McCraken, was allowed to use the booking telephone on at least 3 different at occasions when inmates are typically only given access to the phones once. Each of these videos have been previously provided in Defendant's Initial Disclosures.

### No.4

State all reasons why ECSO impounded Plaintiffs vehicle and where it was impounded on August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, when Ms. McCraken was initially stopped by Deputy Pastore, she stopped her vehicle in front of a residential driveway, which at least partially blocked the driveway from use. Because of the vehicle blocking a driveway, Deputy Pastore had to have the vehicle towed and impounded to restore access to the residential driveway.

### No.5

State all reasons why ECSO does not set nor issue bond amounts until a deputy's narrative report is completed.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, bond is set using a bond scheduled, based on the charge against the arrestee, the booking staff does not know what charge(s) the arrestee is being charged with, therefore a bond amount cannot be determined until the arresting officer submits the charging paperwork to the jail staff.

## No.6

State all reasons why ECSO did not allow Plaintiff to use the jail telephone to arrange a ride home until approximately 2:00AM on August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, this is incorrect. From the lengthy booking camera footage, McCraken can be seen using the inmate booking telephone on a couple of different occasions. Although not time stamped, when the CCTV footage was downloaded, staff recalls her using the telephone around midnight. Upon Ms. McCraken's release, she walked out of the jail's lobby, holding her cellular telephone in her right hand. Each of the videos in Defendant's possession has been previously provided with Defendant's Initial Disclosures.

## No.7

State all reasons why ECSO did not allow Plaintiff to stay a few more hours overnight in the jail after her bond was paid on August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery

of admissible evidence. Without waiving said objections, we do not hold persons released from custody, as this is a county jail. When individuals post bond the Detention Deputies process the individual and they are released. CCTV footage shows the jail's lobby, which has, a table and three padded chairs. The lobby is lighted and heated. The lobby is open to the public, 24 hours per day, 7 days a week. Ms. McCraken, was not forced to leave the safety and comfort of the lobby.

*CRS 16-4-102 (1.5)(b)(1) states in part: Notwithstanding the provisions of this section, a sheriff may allow an individual to choose to stay in jail overnight after release when extenuating circumstances exist, including inclement weather, lack of transportation, or lack of shelter.*

An arrestee being released on a summer night after using the telephone for a prolonged period of time, who appears to have no issue walking, and who had the opportunity to wait for a ride in the safety of the jail's lobby, is not a circumstance that appears to fall in the category of extenuating circumstances. The statute states a sheriff MAY allow. The statute doesn't say shall. There is no indication McCraken requested to stay in custody due to a transportation issue, but if she had, she would have been permitted to stay.

Section (e) of the same statute also states in part: *Unless extraordinary circumstances exist, the custodian of a jail shall release a defendant who is granted a personal recognizance bond as soon as practicable but no later than six hours after the defendant is physically present in the jail. Unless extraordinary circumstances exist, the custodian of a jail shall release a defendant who is granted a cash bond as soon as practicable but no later than six hours after bond is set, after the defendant is physically*

8

*present in the jail, and after the defendant or surety notifies the jail that the defendant or surety is prepared to post bond.*

**No.8**

State all reasons why ECSO did not provide Plaintiff a ride home after her release from the Elbert County jail on August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, the ECSO Detentions Division's staffing is/was 2 deputies for overnight shifts. We do not conduct transports or courtesy rides, as this would leave the jail with 1 deputy to manage all inmates. It is not a service that the jail provides. The ECSO Detentions Division does not provide courtesy rides to persons released from custody. We do not have policy stating we will provide courtesy rides to anyone upon release from custody. Ms. McCraken was holding her cellular telephone in her hand when released from custody. It appeared that she could have called for a ride if she wanted to.

**No.9**

Describe in detail the training ECSO or Elbert County provided to all of the individuals identified in Interrogatories No. 1 and 2 on the Americans with Disabilities Act and the duty of public entities to provide reasonable accommodations to people with disabilities at any time during their employment up to August 1, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal ADA

trainings provided by ECSO or Elbert County. ADA related policies have been included at BATES000092-96.

**No.10**

Describe in detail the training ECSO or Elbert County provided to all of the individuals identified in Interrogatories No. 1 and 2 on §16-4-102, C.R.S. (2022) at any time during their employment up to August 1, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal ADA trainings provided by ECSO or Elbert County. ADA related policies have been included at BATES000092-96.

**No.11**

Identify the policy, procedure, training materials, document, directive, order, or memorandum that states that ECSO does not provide persons with a ride home upon their release from the ECSO jail, disabled or not.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, *see* Policy and Procedure (provided) at BATES: ELB000017

**No.12**

Identify and describe in detail each and every occurrence when an ECSO employee has provided transportation to a person to their home for any reason from 2021 to present.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly

burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, we are aware of no occurrences where ECSO staff has provided transportation to an individual after being released from custody to their residence. We do provide transportation to other correctional facilities.

### No.13

Identify and describe all calls, requests for service, and interactions with the public ECSO had between 9:30 PM on August 1, 2022 until 5:00 AM on August 2, 2022.

Response: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see CFS report (provided) at BATES: ELB000088-91.

### No.14

Describe in detail the mission of the ECSO and the services, programs, and activities it provides to the Elbert County, Colorado public.

**Response**: Mission Statement (provided) at BATES: ELB000097.

## REQUESTS FOR PRODUCTION

### No.1

Produce all documents used or relied upon to answer Interrogatories 1 - 14 above.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, this is a sealed case by court order and some of the records are not able to be released to anyone other than a criminal justice agency without a court order. If your client wishes to unseal the criminal case, we can then

provide the documents beyond what is already provided, or your client can obtain them from the Colorado Bureau of Investigation. See Initial Disclosures previously provided and BATES: ELB00000000001-129, provided herewith.

**No.2**

Produce all documents, records, reports, written product, case reports, communications, emails, recordings of telephone calls, letters, messages, text messages, related to Plaintiff and/or her interactions with ECSO on August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, this is a sealed case by court order and some of the records are not able to be released to anyone other than a criminal justice agency without a court order. If your client wishes to unseal the criminal case, we can then provide the documents beyond what is already provided, or your client can obtain them from the Colorado Bureau of Investigation. See Initial Disclosures and BATES000001-129 provided herewith.

**No.3**

Produce all body worn camera footage, surveillance footage, or other audio or video recordings or footage of or related to Plaintiff from August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, this is a sealed case by court order and some of the records are not able to be released to anyone other than a criminal justice agency without a court order. If your client wishes to unseal the criminal case, we can then

provide the documents beyond what is already provided, or your client can obtain them from the Colorado Bureau of Investigation.

**No.4**

Produce all policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to Elbert County and/or ECSO providing persons with disabilities with reasonable accommodations and/or complying with the Americans with Disabilities Act.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal ADA trainings provided by ECSO or Elbert County. See BATES: ELB000092-96.

**No.5**

Produce all Elbert County or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to § 16-4-102, C.R.S. (2022).

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal ADA trainings provided by ECSO or Elbert County; Disability related policies are provided at BATES000092-96.

**No.6**

Produce all Elbert County and/or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to detainee

telephone calls.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Policy 502.8 (provided) at BATES ELB000098-103.

**No. 7**

Produce all Elbert County and/or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to issuing bonds, including the requirements for issuing a bond, and the timing of issuing a bond.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Bond Schedule at BATES000104-113.

**No.8**

Produce all Elbert County and/or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to impounding vehicles, including the circumstances which require a car to be impounded, and where cars are impounded.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Policy 502.1 (provided) BATES000114-117.

**No.9**

Produce all Elbert County and/or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to ECSO employees completing police reports, incident reports, and/or narrative reports, including the timing of completing those reports and the interaction between completion of those reports and issuance of a bond.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Policies 400 at BATES000118-121.

## VERIFICATION AS TO ANSWERS

_Chad Church_

STATE OF COLORADO    )
                    ) ss.
COUNTY OF KIOWA      )

SUBSCRIBED AND SWORN to before me this 14th day of January, 2025, by _Chad Church_ on behalf of Defendants, as being true and correct to the best of his knowledge, information and belief.

KRISTIN ELISE HAAS
Notary Public
State of Colorado
Notary ID # 20194038712
My Commission Expires 10-18-2027

WITNESS my hand and official seal.

My Commission Expires: 10/18/27

_K. Haas_

Notary Public

15