IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-CV-02013-NYW-CYC

AMY MCRAKEN,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, ELBERT COUNTY, COLORADO,

    Defendant.

---

**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY**

---

Plaintiff Amy McCraken, by and through her undersigned counsel, submits her First Request for Written Discovery to Defendants pursuant to Fed. R. Civ. P. 33, 34, and 36, to be answered within thirty days of service.

## DEFINITIONS

1.    "All" means any and all.

2.    "Any" means each and every.

3.    As used herein, "or" shall include "and/or."

4.    "Person" includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5.    "Relating to" or "relates to" or "related to" or "concerning" mean constituting, evidencing, describing, regarding, or referring to.

6. "Documents" means documents in the broadest sense and includes, without limitation, written material of whatever kind or nature, whether typed, printed, handwritten or otherwise produced, including, without limitation, court records, letters, memoranda, notes, contracts, bills, invoices, photographs, photostats, photocopies, audio or video recordings, and electronic data compilations, including computerized files, database records, "voicemail" or "text message" recordings, and "electronic mail" or "e-mail" messages, however stored, kept, or maintained.

7. "Identify," when used regarding a person, means to state that person's full name, last known address, telephone number, and if the person is not a natural person, to state in addition the person's organizational nature (e.g., corporation, partnership, etc.), and to state the name of the officer, agent or employee acting on behalf of the non-natural person.

8. "Identify," when used regarding a document means, whether the document is presently in your custody, control, or possession, to describe the document (e.g., letter, memorandum, report, correspondence, e-mail, etc.), state the date of the document, the date the document was prepared, to identify the person who prepared the document, to identify all signatories to the document, and to identify all persons having custody of the original or a copy of the document.

9. "Elbert County" means the Elbert County, Colorado government, its employees, agents, and anyone acting on its behalf.

10. "ECSO" means the Elbert County Sheriff's Office, its employees, agents, and anyone acting on its behalf.

## **INSTRUCTIONS**

1.  Each interrogatory, request for admission, and request for production of documents set forth in these discovery requests should be answered/responded to separately and fully in writing, under oath, within thirty days of service in accordance with the Federal Rules of Civil Procedure.

2.  In answering the following requests and interrogatories, you are to furnish all information that is available to you.

3.  An answer or other appropriate response must be given to each discovery request.

4.  If there is any discovery request that you cannot answer in its entirety, or for which you cannot provide the exact information requested, please:

    a. Answer all of the discovery requests to which you have or can obtain the information requested, and provide the information requested to the extent you know or can obtain the information;

    b. Provide your most complete account of all information requested which you do not know and cannot obtain, including but not limited to, any names or dates for which you lack exact information;

    c. Describe in detail the basis of this information;

    d. Identify each document, person or communication upon which information is based.

5. If any document requested was in existence or available to you but no longer is in existence or available to you, then, with respect to each such document, please:

    a. Describe the nature of the document (letter, memorandum, etc.);

    b. State the date of the document;

    c. Identify the person or persons who sent and received the original and copies of the document;

    d. State in as much detail as possible the contents of the document; and

    e. State the circumstances under which the document was lost, destroyed, or otherwise became unavailable.

6. If you object to any request or interrogatory, state the reasons for the objection and answer to the extent the request is not objectionable.

7. Pursuant to Fed. R. Civ. P. 26(e), in the event that any information comes to the attention, possession, custody, or control of any of you or your employees, representatives, or agents subsequent to the service of your responses, those responses shall be supplemented.

## INTERROGATORIES

**No.3**

Describe in detail the steps and actions ECSO took to understand Plaintiffs disability, her particular needs related to her disability, and what reasonable accommodations were available for Plaintiffs particularized needs on August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery

4

of admissible evidence. Without waiving said objections, from the CCTV Footage, the Deputy places McCraken in the passenger rear seat of the patrol vehicle. The Deputy and Ms. McCraken had a brief discussion about the fact that she did have a prosthetic leg, but she did not request any accommodations at the time that he recalls. Deputy Kessinger assisted McCraken out of the vehicle. Ms. McCraken, was not made to go up any flights of stairs. Ms. McCraken, was housed in a holding cell without stairs. Ms. McCraken, was housed in Holding Cell 1 which is a padded room, that has a hole in the floor as a toilet, so Deputies allowed her to use the staff bathroom instead of using the holding cell floor toilet. The two other holding cells with regular toilets were housing inmates at the time of Ms. McCraken's custody. See previously provided Cell Housing History at BATES000001-2 provided with Defendant's Initial Disclosures. Ms. McCraken, was allowed to use the booking telephone on at least 3 different at occasions when inmates are typically only given access to the phones once. Each of these videos have been previously provided in Defendant's Initial Disclosures.

**No.4**

State all reasons why ECSO impounded Plaintiffs vehicle and where it was impounded on August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, when Ms. McCraken was initially stopped by Deputy Pastore, she stopped her vehicle in front of a residential driveway, which at least partially blocked the driveway from use. Because of the vehicle blocking a driveway, Deputy Pastore had to have the vehicle towed and impounded to restore

5

access to the residential driveway. ESCO contracted with two tow companies: Westside and Winterberg. Winterberg is primarily used for incidents further East. The location of the incident (accident, traffic stop) determines who is called.

Ms. McCraken's vehicle was towed to 1040 Atchinson Ct., Castle Rock, CO 80109 by Westside Towing pursuant to our towing policy (BATES ELB000114-117).

**No.9**

Describe in detail the training ECSO or Elbert County provided to all of the individuals identified in Interrogatories No. 1 and 2 on the Americans with Disabilities Act and the duty of public entities to provide reasonable accommodations to people with disabilities at any time during their employment up to August 1, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal ADA trainings provided by ECSO or Elbert County. There was one training provided through the Victim's Advocates with the Sheriff's Office in February of 2025. Elbert County did not teach the training and does not have the training materials—they did organize it, though. The training was put on through Pulse Line Collaborative Training. ADA related policies have been included at BATES000092-96.

**No.10**

Describe in detail the training ECSO or Elbert County provided to all of the individuals identified in Interrogatories No. 1 and 2 on §16-4-102, C.R.S. (2022) at any time during their employment up to August 1, 2022.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly

6

burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal trainings provided by ECSO or Elbert County related to C.R.S. §16-4-102.

**No.11**

Identify the policy, procedure, training materials, document, directive, order, or memorandum that states that ECSO does not provide persons with a ride home upon their release from the ECSO jail, disabled or not.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, *see* Policy and Procedure (provided) at BATES: ELB000327-1486.

## REQUESTS FOR PRODUCTION

**No.1**

Produce all documents used or relied upon to answer Interrogatories 1 - 14 above.

**Response**: Defendant objects to this interrogatory as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Initial Disclosures previously provided and BATES: ELB00000000001-129, provided herewith. See also Defendant's Responses to Plaintiff's Second Set of Requests for Production, BATES ELB0000327-1486.

**No.2**

Produce all documents, records, reports, written product, case reports, communications,

7

emails, recordings of telephone calls, letters, messages, text messages, related to Plaintiff and/or her interactions with ECSO on August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, s*ee* Initial Disclosures and BATES000001-129 provided herewith. See also Defendant's Sixth Supplemental Disclosures BATES ELB001487-1526.

## No.3

Produce all body worn camera footage, surveillance footage, or other audio or video recordings or footage of or related to Plaintiff from August 1, 2022 and August 2, 2022.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Defendant's Sixth Supplemental Disclosures BATES ELB001487-1526. See also Defendant's Initial Disclosures.

## No.5

Produce all Elbert County or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to § 16-4-102, C.R.S. (2022).

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, there have been no formal trainings provided by ECSO or Elbert County; related policies are provided at BATES000327-1486.

**No.9**

Produce all Elbert County and/or ECSO policies, procedures, training materials, documents, directives, orders, memoranda, or other written product related to ECSO employees completing police reports, incident reports, and/or narrative reports, including the timing of completing those reports and the interaction between completion of those reports and issuance of a bond.

**Response**: Defendant objects to this request as it is vague, overly broad, unduly burdensome, and calls for information not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, see Policies at BATES000327-1486.

Respectfully submitted this May 15, 2025.

By: s/ *Brittney Townsley*
Sean J. Lane, Esq.
Alex M. Pass, Esq.
Brittney Townsley, Esq.
**THE LANE LAW FIRM, P.C.**
3131 S Vaughn Way, Suite 220
Aurora, Colorado 80014
Tel: (720) 464-4215
Email: slane@lanelawpc.com
          apass@lanelawpc.com
          btownsley@lanelawpc.com

ATTORNEYS FOR DEFENDANT

## VERIFICATION AS TO ANSWERS

*Chad Church #0204*

| | | |
|---|---|---|
| STATE OF COLORADO | ) | ROBIN KAY LANDAVAZO<br>Notary Public<br>State of Colorado<br>Notary ID # 20194041136<br>My Commission Expires 10-29-2027 |
| | ) ss. | |
| COUNTY OF ELBERT | ) | |

SUBSCRIBED AND SWORN to before me this 15th day of May, 2025, by Chad Church on behalf of Defendants, as being true and correct to the best of his knowledge, information and belief.

WITNESS my hand and official seal.

My Commission Expires: 10-29-2027

Notary Public

10

## CERTIFICATE OF SERVICE

    I hereby certify that on this May 15, 2025, a true and correct copy of the above and foregoing **DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY** was, unless otherwise indicated, filed via email to the following:

Aaron Slade, Esq.
NOVO LEGAL GROUP, LLC
4280 Morrison Rd.
Denver, CO 80219
Tel: (303) 335-0250
Fax: (303) 296-4586
aslade@novo-legal.com

*A Duly Signed Original is on File at The Lane Law Firm, P.C.*

s/   Sarah Merrill
Sarah Merrill