IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-CV-02013-NYW-CYC

AMY MCRAKEN,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, ELBERT COUNTY, COLORADO,

    Defendant.

---

**<u>AMENDED</u> NOTICE OF DEPOSITION OF DEFENDANT BOARD OF COUNTY COMMISSIONERS, ELBERT COUNTY, COLORADO**

---

To:    Counsel for Defendant

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Amy McCraken, by and through undersigned counsel, will take the deposition of the most knowledgeable representative(s) of Defendant Board of County Commissioners, Elbert County, Colorado upon oral examination as to the matters listed below. Defendant is required to designate one or more of its proper employees, officers, directors, managing agents, or other persons duly authorized to testify on its behalf who have knowledge of the following matters:

    1.    The scope of the services, programs, and activities the Elbert County Sheriff's Office ("ECSO") provides generally and the benefits of those services, programs, and activities, and the specific services, programs, and activities the ECSO provides related to law enforcement, protection and service, public safety and the benefits of those specific services, programs, and activities.

2. The ECSO's arrest, jailing, and release of Plaintiff on August 1, 2022, and August 2, 2022.

3. The steps and actions the ECSO took to understand Plaintiff's disability, her particular needs related to her disability, and what reasonable accommodations were available for Plaintiff's particularized needs on August 1, 2022 and August 2, 2022.

4. The staffing of the ECSO including the number of deputies and/or staff on duty at the ECSO jail and on patrol on a typical day without special events.

5. The protocols, policies, procedures, customs, and training programs of the ECSO regarding compliance with the Americans with Disabilities Act and its mandate that public entities provide reasonable accommodations to people with disabilities.

6. The protocols, policies, procedures, customs, and training programs of the ECSO regarding identifying persons who are "at-risk of harm", as that term is understood, used, and/or defined by ECSO, accommodating persons who are "at-risk of harm" and protecting persons who are "at-risk of harm."

7. The protocols, policies, procedures, customs, and training programs of the ECSO related to impounding vehicles, including why vehicles are impounded, where they are impounded, and how a person retrieves an impounded vehicle.

8. The protocols, policies, procedures, customs, and training programs of the ECSO related to bonds, including the requirements for issuing a bond, the timing of issuing a bond, how a detainee posts bond, and the relation, if any, of the issuance of a bond and providing a detainee a phone call.

9. The protocols, policies, procedures, customs, and training programs of the ECSO related to detainee phone calls, including the timing of when a detainee is provided a phone call, any condition precedent to providing a detainee phone call, and the recording or preservation of detainee phone calls.

10. The protocols, policies, procedures, customs, and training programs of the ECSO related to § 16-4-102, C.R.S. (2022), including under what circumstances the ECSO allows a detainee to stay at or in the ECSO jail after posting bond when the detainee lacks transportation or shelter.

11. The protocols, policies, procedures, customs, and training programs of the ECSO related to ECSO employees completing police reports, incident reports, and/or narrative reports, including the timing of completing those reports and the how completion of those reports affects the issuance of a bond or the timing of the issuance of a bond.

It is hereby required that prompt notification in writing be given to Plaintiff's counsel of the name, address, telephone number, and job title of the person(s) designated by Defendant and the specific areas(s) of knowledge, with reference to the paragraph numbers of the above matters, on which the person(s) will be testifying.

The deposition shall take place on **July 17, 2025 at 9:30AM** and will take place in-person at the following location:

>Novo Legal Group, LLC
>4280 Morrison Rd.
>Denver, Colorado 80219

If the witness(es) are located more than 100 miles from that location, the deposition will take place via remote videoconference. The deposition will be taken upon oral examination by stenographic means before a notary public or some other officer authorized by law to administer oaths. If the deposition is not completed on the day it is commenced, it will be continued day to day thereafter, until completed, or to a mutually agreeable date within a reasonable period of time.

DATED: May 30, 2025.

>Respectfully submitted,
>
>*s/ Aaron Slade*
>Aaron Slade, Esq.
>NOVO LEGAL GROUP, LLC
>4280 Morrison Rd.
>Denver, CO 80219
>T: 303-335-0250
>F: 303-296-4586
>E: aslade@novo-legal.com
>
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I served the foregoing via email to:

Sean James Lane
slane@lanelawpc.com

Brittney Townsley
btownsley@lanelawpc.com

*Attorneys for Defendant*

                                  *s/ Aaron Slade*
                                  Aaron Slade, Esq.
                                  Novo Legal Group, LLC