IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02013-NYW-CYC

AMY MCCRAKEN,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, ELBERT COUNTY, COLORADO,

    Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Amy McCraken moves to amend her complaint against defendant Board of County Commissioners, Elbert County, Colorado (the "Board") to add an additional defendant, Elbert County Sheriff's Office (the "Sheriff's Office"). ECF No. 90. Because the Board fails to demonstrate how the proposed amendment will result in undue delay and/or prejudice, the motion, ECF No. 90, is **GRANTED**.

## BACKGROUND

    The plaintiff brings two claims for relief against the Board — one under the Americans with Disability Act ("ADA"), 42 U.S.C. § 12132, and a second under the Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-802. ECF No. 1 at 15–20. The Scheduling Order entered in this case established October 18, 2024 as the deadline to join parties and amend pleadings. ECF No. 15 § 9.a. Asserting that she learned for the first time that the defendant believed that the Sheriff's Office was the correct defendant at an August 25, 2025 discovery

dispute conference, the plaintiff filed the instant motion on September 23, 2025, eleven months after the deadline to join parties and amend pleadings had passed. ECF No. 90 at 2.

## ANALYSIS

Where, as here, the deadline to amend the pleadings pursuant to the Scheduling Order has passed, "a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

The Rule 16 provision is that "a schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4), In practice, this standard requires the movant to show that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotation marks omitted).

The plaintiff shows that here. Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. *Id.* at 668–69. At an August 2025 discovery dispute hearing, the defendant, after an initial assertion that its position was privileged as "case strategy," revealed its belief that the Sheriff's Office, not it, was the proper public entity to be sued. ECF No. 90-11 at 33:16–36:21. After learning this, the plaintiff promptly filed this motion. That is sufficient diligence.

The defendant demurs. Because the law clearly separates the Board and the Sheriff's Office, it says, the plaintiff should have known to sue the Sheriff's Office from the outset, belying diligence. ECF No. 92 at 1–10.

That takes an exceptionally myopic view. To begin, the law is murkier than the Board would have it: "this District is split as to whether the proper municipal defendant is [the Sheriff's Office] or the County." *Coates v. Adams Cnty. Sheriff's Off.*, 631 F. Supp. 3d 976, 997 (D. Colo.

2

2022). Regardless of whether the plaintiff is correct, the proper choice of public entity to sue in this case cannot be said to have been glaringly obvious.

More importantly, it ignores the Board's own role in blurring that separation for the plaintiff. In discovery responses, the Board spoke on matters clearly within the ambit of the Sheriff's Office's control. *See* ECF Nos. 90-4 to 90-7. A Sheriff's Office employee swore to answers on behalf of the Board. *See* ECF No. 90-5 at 15; ECF No. 90-11 at 21. And, to muddy the waters further, the Board never raised this defense at the Rule 26(f) conference, at the scheduling conference, *see* ECF No. 15, or in its answer, *see* ECF No. 86. What is more, the defendant's motion to dismiss argued that it — not the Sheriff's Office — "adhered to Title II of the ADA . . . at all times while Plaintiff was in their custody at the Elbert County Jail." ECF No. 17 at 5. But upon learning at the August hearing that, despite the appearance that the Sheriff's Office and the Board were walking hand-in-hand, they considered themselves separately suable, the plaintiff ordered the transcript of the hearing and, fifteen days after receiving it, filed this motion. She was not, therefore, simply sitting on her hands and delaying her motion to amend. *See e.g.*, *Swanson v. N. Light Specialty Ins. Co.*, No. 20-cv-03778-RMR-NRN, 2022 WL 500294, at *3 (D. Colo. Feb. 18, 2022) (moving to amend five weeks after learning of new information was diligent), *objections overruled,* 2022 WL 22826787 (D. Colo. Mar. 31, 2022); *Estate of Roemer v. Shoaga*, No. 14-cv-01655-PAB-NYW, 2016 WL 11184883, at *8 (D. Colo. Oct. 26, 2016) (allowing amendment several months after the plaintiff learned of new information because of adequate explanation for the delay), *recommendation adopted*, 2017 WL 1190558 (D. Colo. Mar. 31, 2017). She has good cause.

Cases finding no such good cause are distinguishable. This is not, for instance, a case where multiple reminders about the correct entity to sue went unheeded by the plaintiff for two

years before a motion to amend was filed. *See Otegbade v. N.Y. City Admin. for Child. Servs.*, No. 12 CIV. 6298 KPF, 2015 WL 851631, at *3–4 (S.D.N.Y. Feb. 27, 2015). Nor is it one in which the plaintiff sought to add a defendant only after "'engaging in months of extra discovery without requesting or receiving permission from' the court." *Adebiyi v. S. Suburban Coll.*, 98 F.4th 886, 896 (7th Cir. 2024).

And the Board's indications that it dropped hints pointing to its view of the proper defendant, ECF No. 92 at 7–10, do not change the calculus. For one thing, these representations generally relate to the limited ability — or, in the plaintiff's view, unwillingness — of the Board to access the Sheriff's Office's materials for discovery purposes, not to the proper party in this case. For another, those representations were at odds with other discovery responses that did access Sheriff's Office materials. That the plaintiff followed one of the divergent and conflicting breadcrumb paths the Board left for it hardly robs her of diligence.

As such, the plaintiff shows good cause under Rule 16. She must also satisfy Rule 15, under which a party may amend its complaint only with leave of the court or written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). Such leave is to be freely given "when justice so requires," *id.*, because ultimately "the 'purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Watkins v. Action Care Ambulance, Inc.*, No. 07-cv-02598-PAB-BNB, 2010 WL 3834348, at *1 (D. Colo. Sept. 24, 2010) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)). So it is here: allowing the amendment provides the opportunity for the plaintiff's claim to be evaluated on the merits, as opposed to being subject to dismissal for naming the wrong (albeit related) public entity.

4

Nevertheless, a court may refuse leave on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver,* 397 F.3d 1300, 1315 (10th Cir. 2005); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). The defendant bears the burden of proving that the amendment should be refused. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). It cannot carry that burden here.

As a threshold matter, the Board asserts prejudice on behalf of the Sheriff's Office. ECF No. 92 at 10. But as a current party, the Board "only possess[es] standing to challenge an amended pleading directed to proposed new parties on the basis of undue delay and/or prejudice" to itself. *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. CIV. 13-5592 NLH/AMD, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (collecting cases).

As for undue delay, time has certainly elapsed. After all, this motion comes eleven months after the deadline to join parties and amend pleadings. But "[a]s a general rule, '[l]ateness does not of itself justify the denial of the amendment.'" *Midcities Metro. Dist. No. 1 v. U.S. Bank Nat'l Ass'n*, 44 F. Supp. 3d 1062, 1066 (D. Colo. 2014) (quoting *Minter*, 451 F.3d at 1205). "While the court may deny a late motion to amend on the basis of untimeliness alone, the basis for such a denial is typically the moving party's failure to adequately explain the delay." *Overhead Sols., Inc. v. A1 Garage Door Serv., LLC*, No. 19-cv-01741-PAB-NYW, 2021 WL 4046408, at *8 (D. Colo. May 5, 2021), *recommendation adopted,* 2021 WL 3732764 (D. Colo. Aug. 24, 2021). That is, delay must be "undue," with a focus "primarily on the reasons for the delay" and whether their insufficiency indicates, for instance, "that the plaintiff is using Rule 15 to make the complaint a moving target, to salvage a lost case by untimely suggestion of new

5

theories of recovery, to present theories seriatim in an effort to avoid dismissal, or to knowingly delay raising an issue until the eve of trial." *Minter*, 451 F.3d at 1205–06 (quotation marks and citations omitted). There is little such indication here. The plaintiff filed this motion less than one month after becoming aware of the Board's position on the proper defendant. And although "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial" on account of that delay, *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984), as discussed above, there is "an adequate explanation for the delay" justifying amendment here. *Minter*, 451 F.3d at 1206. At the very least, the plaintiff's explanation is not one that masks using amendment for an improper, prejudicial purpose. *Id.* Any delay, then, is not undue. *Briggs v. Deutsche Bank Nat'l Tr. Co.*, No. 13-cv-02433-MSK-KLM, 2014 WL 561659, at *2 (D. Colo. Feb. 13, 2014).

Nor is there sufficient prejudice to prevent amendment. Courts find such prejudice, which is the most important factor in a Rule 15 analysis, when amendment unfairly affects the opposing party "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207–08 (quotation marks omitted). That occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* They do not here. The amendment does not change the claims vis-à-vis the Board at all. It seeks only to add a party that has been aware of this action; indeed, the Sheriff's Office has, at times, lent its hand to the Board in crafting discovery responses. Accordingly, the proposed amendment is not prejudicial to the Board. *See, e.g.*, *Alfwear, Inc. v. Kulkote, LLC*, No. 2:19-CV-00027-CW-JCB, 2020 WL 4001242 (D. Utah July 15, 2020).

6

Finally, the Board complains that it suffers prejudice because it has paid for a year's worth of litigation, only to have the timeframe lengthened by amendment. But the "mere passage of time, by itself, is insufficient" to block amendment. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988), *amended,* 860 F.2d 357 (9th Cir. 1988). Moreover, the lengthened timeframe is, at least in part, a product of the defendant's own creation. Had it simply raised the issue expeditiously, there would be no delayed amendment.

Indeed, to the extent any "strategy" contemplated withholding such a position until summary judgment, *see* ECF No. 90-11 at 36, such maneuvering is at odds with the obligation of "the court and the parties" to employ the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. For decades, those rules have "reject[ed] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[ed] the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Thus, "[l]awyers have twin duties of loyalty" not only "to strive in the best interests of their clients to achieve the best results at a reasonable cost" but also "with integrity and candor as officers of the court." The Sedona Conference, *The Sedona Conference Cooperation Proclamation*, 10 Sedona Conf. J. 331, 331 (2009 Supp.) "It is not in anyone's interest to waste resources on unnecessary disputes, and the legal system is strained by 'gamesmanship' or 'hiding the ball,' to no practical effect." *Id.*

In the end, the plaintiff seeks to amend in a timely fashion upon learning of the issue at hand. The delay in amendment came, at least in part, from the defendant's own decisions in the case. There is no reason to deny amendment here.

7

## **CONCLUSION**

Accordingly, it is hereby ORDERED that the plaintiff's motion to amend the complaint, ECF No. 90, is **GRANTED**. The plaintiff shall file a clean copy of the amended complaint on or before December 26, 2025.

DATED this 19th day of December, 2025, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge

8