**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-02013-NYW-CYC

AMY MCCRAKEN,

     Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, ELBERT COUNTY, COLORADO, and
ELBERT COUNTY SHERIFF'S OFFICE,

     Defendants.

---

## ORDER ON MOTION TO DISMISS

---

This matter is before the Court on Defendant ECSO's Motion to Dismiss Amended Complaint (the "Motion" or "Motion to Dismiss"). [Doc. 124]. The Court has reviewed the Motions and the related briefing.[1] For the reasons set forth below, the Motion to Dismiss is respectfully **GRANTED in part** and **DENIED in part**.

### BACKGROUND

The Court has set out the factual background of this case in detail in a prior Order,

---

[1] On April 10, 2026, Plaintiff filed a Motion for Summary Denial of Defendant Elbert County Sheriff's Office's Motion to Dismiss or in the Alternative, Leave to File a Sur-Reply ("Motion for Surreply"). [Doc. 131]. The Court may rule on the Motion for Surreply without any further briefing. D.C.COLO.LCivR 7.1(d). When a party raises new arguments in a reply brief, a court may either permit a surreply or disregard the new arguments. *Green v. U.S. Anesthesia Partners of Colo., Inc.*, No. 22-1319, 2023 WL 7015660, at *7 (10th Cir. Oct. 25, 2023) (citation omitted). "[A] district court abuses its discretion only when it both denies a party leave to file a surreply *and* relies on new materials or new arguments in the opposing party's reply brief." *Conroy v. Vilsack*, 707 F.3d 1163, 1179 n.6 (10th Cir. 2013). Instead of inviting further briefing, the Court will simply disregard any new arguments raised in the Reply. The Motion for Surreply is respectfully **DENIED**.

*see* [Doc. 82], and repeats it here only briefly.  In 2022, Plaintiff Amy McCraken ("Plaintiff" or "Ms. McCraken") was arrested and booked into the Elbert County Jail.  [Doc. 103 at ¶¶ 28, 33, 35].  Deputies in the Elbert County Sheriff's Office ("ECSO") did not permit Ms. McCraken to use the telephone until approximately 2:00 a.m., at which time she could not reach anyone to transport her home.  [*Id.* at ¶¶ 43, 48–49].  Ms. McCraken asked ECSO deputies if they could transport her home, but the deputies denied her request and ordered her to leave the jail.  [*Id.* at ¶¶ 53–56].  Ms. McCraken, who uses a lower-limb prosthetic device on her right leg, alleges that she had "no choice but to begin an 8.8 mile walk home in the dead of night, alone and unprotected," wearing only a tank top, shorts, and flip-flops.  [*Id.* at ¶¶ 8, 60, 77].  By the time she reached home, her prosthetic leg was broken, she had significant pain and soreness in her left leg and left foot, and she had severe bruises, blisters, swelling, and abrasions on her right limb.  [*Id.* at ¶¶ 79–83].

Plaintiff originally initiated this case against the Board of County Commissioners for Elbert County, Colorado (the "Board"), raising one claim under Title II of the Americans With Disabilities Act ("ADA") and one claim under the Colorado Anti-Discrimination Act ("CADA").  [Doc. 1 at ¶¶ 98–125].  The Board subsequently moved to dismiss Plaintiff's ADA claim.  [Doc. 17].  This Court granted that motion in part and denied it in part, concluding that Plaintiff's allegations were sufficient to state a claim under the ADA, but also holding, as a matter of law, that Plaintiff could not recover emotional distress damages under the ADA.  [Doc. 82 at 9–17].

On September 23, 2025, Ms. McCraken moved to amend her pleading to add ECSO as a Defendant.  [Doc. 90].  The Honorable Cyrus Y. Chung granted leave to amend, *see* [Doc. 102], and Plaintiff filed the operative Amended Complaint on December

19, 2025, [Doc. 103].[2]  The Amended Complaint is nearly identical to the original with respect to factual allegations and claims, and simply adds the ECSO as a Defendant. *Compare* [Doc. 1], *with* [Doc. 103].  *See also* [Doc. 90-1 (redlined version of Plaintiff's Amended Complaint)].  The Board then filed a second motion to dismiss, which raised some arguments that were substantially similar or identical to arguments raised in its first motion to dismiss.  *See* [Doc. 118].  This Court denied the Board's second motion to dismiss, finding that the motion raised arguments that had already been ruled on and was separately barred by Rule 12(g).  [Doc. 120 at 4–5].

The ECSO now moves to dismiss Plaintiff's claims against it.  [Doc. 124].  Like the Board's second motion to dismiss, the ECSO's Motion to Dismiss largely mirrors the Board's first motion to dismiss.  *Compare, e.g.*, [Doc. 17 at 9–10], *with* [Doc. 124 at 8–10].

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quotation omitted).  The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter,

---

[2] The Board objected to Judge Chung's order granting the Motion to Amend, [Doc. 110], which this Court overruled, [Doc. 120].

accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quotation omitted).

## ANALYSIS

### I.    The Sufficiency of Plaintiff's Allegations

The ECSO contends that Plaintiff's ADA and CADA claims should be dismissed

for failure to state a claim under Rule 12(b)(6).  [Doc. 124 at 4].  First, it argues that it

"adhered to" the ADA and CADA "at all times while Plaintiff was in custody at the Elbert

County Jail."  [*Id.* (emphasis omitted)].  It asserts that "Plaintiff was given appropriate

consideration while in the jail" and was "provided all reasonable accommodations," such

as extra time to use the phone, assistance with using the phone, and a handicap-

accessible bathroom.  [*Id.* at 6].  Like the Board's first motion to dismiss—and as this

Court recognized in its prior Order, *see* [Doc. 82 at 10 n.7]—this argument relies on facts

not alleged within the four corners of in the Amended Complaint, *see* [Doc. 103].  It is well

established that the Court's consideration of a Rule 12(b)(6) motion to dismiss is limited

to the allegations contained in the operative pleading, absent limited exceptions that are

inapplicable here.  *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025).  Thus,

this is not a basis for dismissal.

Next, the ECSO argues that "to prevail on a discrimination claim . . ., a plaintiff

must show that, 'but for' the disability, he or she would not have been denied the full

privileges of a place of public accommodation."  [Doc. 124 at 7].  It asserts that Plaintiff

does not adequately allege but-for causation because "a ride home after release from jail

is not a program, service, or activity that she would have been given access to if she were

not a disabled person," so she does not plausibly allege that her disability is the but-for

cause of the denial of a ride home.  [*Id.* at 7–8].[3]

The ECSO's argument again relies on a fact not contained in the Amended Complaint and ignores allegations in the Amended Complaint.  Contrary to the ECSO's assertion that a ride home after release is never available, Plaintiff alleges that "law enforcement officers in other jurisdictions routinely provide community members transportation in a variety of other contexts," such as "when their car has run out of gas," when they are "intoxicated [and] cannot safely drive themselves," and if "they feel vulnerable to attach or are being harassed while walking home."  [Doc. 103 at ¶¶ 69–72]. She also alleges that it was feasible for an ECSO deputy to give her a ride home that night because "there were multiple ECSO deputies on duty at the jail that night, one of which was watching movies and television shows," and Plaintiff was the only person detained at the jail that night.  [*Id.* at ¶¶ 66–68].  These allegations are sufficient at this stage to plausibly allege that a ride home was an available reasonable accommodation, and the Tenth Circuit has stated that any failure to provide reasonable accommodations for a disability is necessarily 'because of a disability.'"  *Punt v. Kelly Servs.*, 862 F.3d 1040, 1048 (10th Cir. 2017) (quotation omitted).  Dismissal is not warranted on this basis.

Relatedly, the ECSO argues that Plaintiff was not excluded from participation in or denied the benefits of its services, programs, or activities because "[p]roviding a released inmate a ride home from the jail at two in the morning is not a service, activity, or program that the ECSO engages in for anyone, disabled or not."  [Doc. 124 at 9].  The Board raised

---

[3] Plaintiff asserts that the ECSO violated the law in numerous respects, including by failing to provide Plaintiff the opportunity to make a phone call at 10:00 p.m. and failing to let her stay in the jail overnight.  *See, e.g.*, [Doc. 103 at ¶¶ 62–63, 108, 121].  The ECSO does not challenge those portions of Plaintiff's claims in this argument, and the Court's analysis is limited accordingly.

an identical argument in its first motion to dismiss. *Compare* [Doc. 17 at 9–10], *with* [Doc. 124 at 8–10]. The Court rejected the argument then and does the same here.

In its prior Order, the Court recognized that the ADA "does not define 'services, programs, or activities," but noted that "many courts have emphasized the breadth of the ADA's 'services, programs, or activities' language, finding it 'extremely broad in scope and includ[ing] anything a public entity does.'" [Doc. 82 at 12 (first quoting 42 U.S.C. § 12131; and then quoting *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 289 (3d Cir. 2019))]. But because the Parties had not "engage[d] with the text of the ADA or frame[d] their argument[s] in a manner appropriate for the pleading stage," the Court declined to "undertake a statutory interpretation analysis without affirmative argument from the Parties." [*Id.* at 13]. The Court specifically stated that "this issue is not amenable to resolution at the pleading stage," but recognized that "[t]he issue may be more appropriately resolved . . . at the summary judgment stage, with a complete factual record and the benefit of arguments expressly addressing the language of the ADA in the context of this case specifically." [*Id.* at 13–14].

Despite this Court's prior admonition that "it would not be in the interest of judicial economy to relitigate arguments that this Court already rejected," [Doc. 120 at 4], the ECSO does just that.[4] It fails to distinguish its arguments from the Board's or meaningfully engage with the Court's prior rulings, including the meaning of "services, programs, or activities" under the ADA. *See* [Doc. 124 at 7–9].[5] For instance, this Court previously

---

[4] Ms. McCraken suggests that the Court may simply summarily deny ECSO's Motion to Dismiss under Rule 1 of the Federal Rules of Civil Procedure. *See* [Doc. 127 at 4–5]. But she cites no authority that permits summary dismissal under Rule 1, *see* [*id.*], and this Court did not independently find any.

[5] The ECSO does engage in this sort of analysis in its Reply. *See* [Doc. 129 at 4–6].

found that this same argument improperly relied on "facts *not* alleged in the Complaint." [Doc. 82 at 13 (citing Doc. 17 at 10)]. Inexplicably, the ECSO repeats this same unsuccessful argument—verbatim—in its own Motion, *see* [Doc. 124 at 9 ("Providing a released inmate a ride home from the jail at two in the morning is not a service, activity, or program that the ECSO engages in for anyone, disabled or not.")]; *see also* [*id.* at 7 ("[A] a ride home after release from jail is not a program, service, or activity that she would have been given access to if she were not a disabled person.")]. For the reasons stated above and in this Court's July 11, 2025 Order, the ECSO's arguments are likewise insufficient to warrant dismissal of Plaintiff's claims. The Motion to Dismiss is **DENIED** to the extent it seeks outright dismissal of Plaintiff's claims under Rule 12(b)(6).[6]

## II.    Emotional Distress Damages

Finally, the ECSO argues that Plaintiff cannot recover emotional distress damages under the ADA or CADA, so her request for that relief should be dismissed. [Doc. 124 at 10].

With respect to the ADA, this Court has already ruled in this case that emotional

---

Because this argument could have been raised in the Motion to Dismiss but was not, the Court does not consider it. *See Aptive Env't, LLC v. Town of Castle Rock*, 959 F.3d 961, 986 (10th Cir. 2020).

[6] The ECSO's citation to *Unrein v. PHC-Fort Morgan, Inc.*, 993 F.3d 873 (10th Cir. 2021), does not demonstrate that dismissal is appropriate. First, *Unrein* was decided at summary judgment, *see* 993 F.3d at 879, and as this Court previously explained, this issue is not appropriate for dismissal at the pleading stage or based on the Parties' underdeveloped arguments, *see* [Doc. 82 at 13–14]. The ECSO provides no more of an argument in its Motion than the Board asserted in its first motion to dismiss and provides no basis for this Court to rule on this issue now. Second, *Unrein* involved a failure-to-accommodate claim in the employment context, and the decision turned on the fact that transportation to and from work was not an essential function of the employee's job or a privilege of the plaintiff's employment. *See* 993 F.3d at 878–79. This sort of fact-specific determination cannot be made at the pleading stage.

distress damages are not available under the ADA, *see* [Doc. 82 at 15–17].  The Court reiterates its prior analysis and incorporates it by reference herein.  Because emotional distress damages are not available under the ADA, Plaintiff has no cognizable request for that relief under the ADA.[7]  The Motion to Dismiss is therefore **GRANTED** with respect to Plaintiff's ADA claim seeking emotional distress damages.

As for CADA, the ECSO argues that "[b]ecause emotional distress damages are not specifically enumerated [in CADA], and because it is specifically codified that the CADA shall be interpreted consistently with the ADA, . . . it can be deduced that CADA [was] never intended to provide relief for emotional distress damages."  [Doc. 124 at 12]. In support, the ECSO cites § 24-34-802(4), *see* [Doc. 124 at 12], but that statutory provision was repealed in 2025, *see* H.B. 25-1239, 75th Gen. Assemb., 1st Reg. Sess. § 5 (Colo. 2025).  CADA now provides that a person who prevails on a claim under §§ 24-34-601, 24-34-802(1)(b), or 24-34-803 "is entitled to . . . [r]ecovery of actual monetary damages and, except as otherwise provided in subsection (1)(c) of this section,[8] damages for noneconomic loss or injury, as defined in section 13-21-102.5(2)(b)."  Colo. Rev. Stat. § 24-34-602(1)(a)(I) (footnote added).[9]  And "noneconomic loss or injury" is defined as

---

[7] Unlike the ECSO, Ms. McCraken recognizes that she is repeating arguments that have been unsuccessful before this Court in this case.  [Doc. 127 at 13 n.7].  She nonetheless "incorporates those arguments here in a good faith effort to reverse existing law, Fed. R. Civ. P. 11(b)(2), and to preserve the argument for appeal."  [*Id.*].

[8] "Recovery of damages for noneconomic loss or injury in accordance with subsection (1)(a)(I) of this section is limited to an amount not to exceed fifty thousand dollars."  Colo. Rev. Stat. § § 24-34-602(1)(c).

[9] In amending the statute, the General Assembly made clear its intent to permit plaintiffs to recover emotional distress damages under CADA:

> Particularly in light of a recent United States Supreme Court decision concluding that emotional distress damages could not be implied under the federal spending clause anti-discrimination statutes, it is necessary to

"nonpecuniary harm for which damages are recoverable by the person suffering the direct or primary loss or injury, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life." § 13-21-102.5(2)(b). Because CADA expressly permits recovery of emotional distress damages, the Motion to Dismiss is **DENIED** insofar as it argues that Plaintiff cannot recover emotional distress damages through her CADA claim.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)   Motion for Summary Denial of Defendant Elbert County Sheriff's Office's Motion to Dismiss or in the Alternative, Leave to File a Sur-Reply [Doc. 131] is **DENIED**;

(2)   Defendant ECSO's Motion to Dismiss Amended Complaint [Doc. 124] is **GRANTED in part** and **DENIED in part**; and

(3)   Plaintiff's ADA claim against the ECSO is dismissed to the limited extent it seeks emotional distress damages.

DATED:  April 21, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

---

protect the rights of Coloradans with disabilities by expressly and unambiguously making compensatory damages, including for pecuniary and nonpecuniary losses, available as a remedy in a civil action for certain discriminatory and unfair practices.

H.B. 25-1239, 75th Gen. Assemb., 1st Reg. Sess. § 1 (Colo. 2025) (legislative declaration).

9